Opinion issued February 16, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00204–CR




TIMMY DONNELL KING, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 937782



 
MEMORANDUM OPINION

          Timmy Donnell King, appellant, was charged with aggravated robbery. Tex.
Pen. Code Ann. § 29.03 (Vernon 2003). Appellant pleaded not guilty. The jury
found appellant guilty and assessed punishment at 10 years’ confinement in prison.
          In three points of error, appellant argues that (1) the trial court erred in
excluding a videotape and (2) the evidence was factually insufficient to establish
appellant as the perpetrator of the crime and to prove appellant used or exhibited a
deadly weapon.
          We affirm.
Background
           On January 22, 2003, Maureen Mullins, complainant, was working at a
convenience store in Tomball, Texas. During this time, a man came in, bought a pack
of gum, and left. Shortly after, Mullins took some trash out, and she saw the same
man in a car with a woman who had also come in earlier. When she went back into
the store, the man came back in, grabbed a Sprite from the cooler, and took it to the
counter. When the register opened, the man moved around the counter, pulled out a
gun, pointed it at Mullins, and took the money from the register. The man asked
Mullins if she had access to the safe. She said she did not. The man took some
cigarettes, told Mullins to lie down, and left.
          When the police arrived, Mullins described the appearance of the man to the
police. The police also obtained the surveillance video that recorded the event. 
Detective Ronald McGullion took the videotape to a nearby Wal-Mart. Roy
Gonzalez, the district loss prevention supervisor for Wal-Mart, allowed Detective
McGullion to use their video equipment to create a slower version of the surveillance
videotape and to create still-frame images. While they watched the surveillance
videotape, Gonzalez recognized the perpetrator as Timmy Donnell King, a former
Wal-Mart employee. Gonzalez gave Detective McGullion a copy of a Wal-Mart
surveillance videotape that also depicted appellant.
          Because of Gonzalez’s identification, Detective McGullion placed a picture of
appellant in a photographic line-up and presented it to Mullins. Mullins identified
appellant as the perpetrator. Based on this information, a warrant was issued for
appellant’s arrest.
Admissibility of Evidence
          In his first point of error, appellant argues that the trial court erred in excluding
a videotape depicting appellant some time prior to the time of the offense.
A.     Standard of Review
          We review a trial court’s admission or exclusion of evidence under an abuse-of-discretion standard. Harris v. State, 152 S.W.3d 786, 793 (Tex. App.—Houston
[1st Dist.] 2004, pet. ref’d). A trial court has wide latitude in deciding to admit or
exclude evidence. Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). The
trial court’s ruling will be upheld as long as it is reasonably supported by the record
and is correct under any theory of law applicable to the case. Willover v. State, 70
S.W.3d 841, 845 (Tex. Crim. App. 2002). We review the trial court’s ruling in light
of what was before the trial court at the time the ruling was made. Id. 
B.      Analysis
          After Detective McGullion obtained the surveillance videotape from the crime
scene, he took it to a nearby Wal-Mart. The Wal-Mart store had video equipment that
slowed down the high-speed, surveillance-videotape recording and that allowed
Detective McGullion to create single-frame photographs of the videotape. Gonzalez
watched the surveillance videotape from the crime scene with Detective McGullion. 
While watching, Gonzalez told Detective McGullion that he recognized the
perpetrator as appellant, who had recently worked at that Wal-Mart. Gonzalez
showed Detective McGullion another videotape depicting appellant while he was an
employee of Wal-Mart. From this identification, Detective McGullion placed a
photograph of appellant in a photographic line-up and presented it to Mullins. 
Mullins identified appellant as the perpetrator.
          On appeal, appellant complains that the trial court should have admitted the
video “to have the jury view the Wal-Mart video to determine if appellant’s
appearance on that day was similar to the appearance of the individual who robbed
Ms. Mullins.” However, at the time of the ruling, the date of the Wal-Mart videotape
had not been established. The facts before the court when the trial court made its
ruling were that there was a videotape of appellant some time prior to the day of the
incident, and that appellant wanted to admit it to determine how Detective McGullion
made his identification. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim.
App. 2000) (holding “the appellate court must review the trial court’s ruling in light
of what was before the trial court at the time the ruling was made”). As far as the jury
was concerned, they had full view of the appellant during the trial, and could compare
his physical characteristics to the person appearing in the surveillance videotape. 
Absent the missing proof of when the Wal-Mart videotape was taken, we hold that
the trial court did not abuse its discretion in excluding the Wal-Mart videotape.
          We overrule appellant’s first point of error.
Factual Sufficiency
          In his second and third points of error, appellant argues that the evidence was
factually insufficient to establish appellant as the perpetrator of the crime and to
prove appellant used or exhibited a deadly weapon.
A.      Standard of Review
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 483 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the
fact-finder’s role as the sole judge of the weight and credibility accorded any
witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
The fact-finder alone determines what weight to place on contradictory testimonial
evidence, as it depends on the fact-finder’s evaluation of credibility and demeanor. 
Id. at 408–09. In conducting a factual-sufficiency review, we must discuss the
evidence that, according to appellant, most undermines the jury’s verdict. See Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
B.      Analysis
          A person commits the offense of robbery if, in the course of committing theft
and with the intent to obtain or maintain control of property, he intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death. 
Tex. Pen. Code Ann. § 29.02(a)(2) (Vernon 2003). A person commits the offense
of aggravated robbery if he commits robbery and uses or exhibits a deadly weapon. 
Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 2003).
          The evidence at trial established that there was a theft of money and cigarettes. 
On appeal, appellant argues that the evidence was factually insufficient to identify
appellant as the perpetrator of the crime and to prove appellant used or exhibited a
deadly weapon. If appellant had used a gun, the facts of the case would also support
a finding that he intentionally or knowingly threatened or placed Mullins in fear of
imminent bodily injury or death.
          1.       Identity
          Appellant presents a number of reasons why the evidence was factually
insufficient to identify him as the perpetrator. First, appellant argues that Mullins did
not have sufficient time to get a good look at the perpetrator’s face, nor did she have
much reason to look at it during the moments that she did have the opportunity to
look at his face. Second, there was no physical evidence that linked appellant to the
crime. Third, there was contrary evidence regarding how appellant looked at the time
of the robbery compared to how the perpetrator was described and depicted. Finally,
appellant argues that three alibi witnesses testified that appellant was with them at the
time of the incident.
                    a.       Opportunity to View
          At trial, Mullins testified that in the three times that she saw the perpetrator, she
only viewed the perpetrator’s face for less than thirty seconds. Additionally, during
the last encounter, Mullins admitted that she was focused on the gun after the
perpetrator pointed it at her. Appellant does not cite, nor de we find, any case law
that gives a minimum amount of time of observation before a witness’s identification
becomes reliable. Moreover, we decline to hold that under thirty seconds of
observation is an insufficient amount of time for a witness to identify someone. See
Delk v. State, 855 S.W.2d 700, 706 (Tex. Crim. App. 1993) (determining that viewing
robber for fifteen seconds did not undermine ability to identify).
          Additionally, upon viewing the surveillance videotape, Gonzalez 
independently identified appellant as the perpetrator. Some brevity in the time that
Mullins had to observe the perpetrator does not raise enough doubt in the verdict to
overcome two separate independent identifications of appellant as the perpetrator.
                    b.       Lack of Physical Evidence
          Appellant argues that “there was no physical evidence recovered to link
appellant to the scene.” A videotape is considered physical evidence. Loy v. State,
982 S.W.2d 616, 618 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). Despite this,
appellant complains that appellant’s fingerprints were not found in the store. This
was not required. Peoples v. State, 928 S.W.2d 112, 118–19 (Tex. App.—Houston
[1st Dist.] 1996, pet. ref’d); Santos v. State, 116 S.W.3d 447, 459 (Tex.
App.—Houston [14th Dist.] 2003, pet. ref’d).
                    c.       Description of Perpetrator
          Appellant argues that Mullins’s description to the police of the perpetrator and
the surveillance videotape establish that the perpetrator had a goatee, which appellant
did not have at the time, and longer hair than appellant had at the time. Appellant’s
proof for his actual appearance at the time is testimony from Kenneth, appellant’s
brother, and the picture used in the photographic line-up. However, there is no
evidence that the picture used in the photographic line-up was taken on the same day
or in close proximinty to the time that the perpetrator robbed the convenience store;
any differences in the length of hair and lack of a goatee in the photographic line-up
picture have no bearing on identifying appellant as the perpetrator.
          As for Kenneth’s testimony, this evidence was considered and rejected by the
jury. The jury is the exclusive judge of the facts, the credibility of the witnesses, and
the weight to be given to the witnesses’ testimony. Jaggers v. State, 125 S.W.3d 661,
672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). The jury may believe all,
some, or none of any witness’s testimony. See Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986) (stating that jury “could choose to believe or not believe the
witnesses, or any portion of their testimony”). The jury’s decision is not manifestly
unjust merely because the jury resolved conflicting views of evidence in favor of the
State. Cain, 958 S.W.2d at 410.
                    d.       Alibi Witnesses
          During his case-in-chief, appellant testified that he was at a friend’s house with
two of his brothers on the day in question, helping his friend repair a car. Appellant
presented the testimony of the friend and his two brothers to corroborate his alibi. 
Like Kenneth’s testimony about appellant’s appearance, this evidence was considered
and rejected by the jury. The jury was not required to believe this testimony. Sharp,
707 S.W.2d at 614.
          After reviewing the record, we hold that the evidence was factually sufficient
to identify appellant as the perpetrator. We overrule appellant’s third point of error.
          2.       Deadly Weapon
          At trial, Mullins testified that appellant pulled a gun out from his pants and
pointed it at her during the robbery. Mullins described the gun as being about three
feet long. Appellant argues that the evidence is factually insufficient because the
surveillance videotape does not show a weapon being used.
          While it is true that the videotape does not show a weapon being used, there
are two factors contributing to why this does not make the evidence factually
insufficient. First, the video consists of still-frame images of the scene with eight
second lapses between each image. Second, the video camera is positioned to view
the register, the counter, and everything beyond. The area where someone would
come around the counter is not within view of the camera. Very little is seen of
appellant after he moved around the counter. After that point, the videotape only
shows him taking money from the register. From the time when he left the front of
the counter to the time when he took money from the register, appellant is not within
the view of the video camera. Based on the lapse between still-frame images and the
position of the video camera, we hold that the videotape exhibit does not present
contrary evidence so strong against Mullins’s testimony that the standard of proof of
beyond a reasonable doubt could not have been met.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).